IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00258-F-1
No. 5:13-CV-00412-F

| | |
|---|---|
| DONNA DICKENS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the court on the Government's Motion to Dismiss [DE-49], which the court has converted to a motion seeking summary judgment on Donna Dickens' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-44]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Dickens is not entitled to relief on her section 2255 motion.

**Factual and Procedural Background**

On September 2, 2011, Dickens was charged in a one-count criminal information. *See* Criminal Information [DE-5]. Dickens was charged with health care fraud, in violation of 18 U.S.C. § 1347. Dickens' arraignment was held on December 5, 2011. At her arraignment, Dickens pled guilty to the Criminal Information.

The court held Dickens' sentencing hearing on October 4, 2012. Dickens was sentenced to 60 months' imprisonment. *See* Judgment [DE-39]. Dickens was also ordered to pay restitution in the amount of $1,729,390.00. Dickens did not appeal to the Fourth Circuit Court of Appeals.

On June 6, 2013, Dickens filed the instant Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 [DE-44]. In her section 2255 motion, Dickens raises one claim. Specifically, Dickens alleges that she unequivocally directed her attorney to file a notice of appeal, but he failed to do so.

The Government filed a Motion to Dismiss [DE-49], arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Dickens has failed to state a claim upon which relief can be granted. In support of its Motion to Dismiss, the Government submitted the Affidavit of Dickens' attorney, Raymond C. Tarlton, and emails between Dickens and Tarlton. [DE-50-1 at 1-7.] In an order [DE-54] entered on August 12, 2014, the court advised the parties that it intended to consider the exhibits attached to the Motion to Dismiss and convert the Government's Motion to Dismiss as one seeking summary judgment. [DE-54] at 2.

## Legal Standard

### Motion for Summary Judgment

Summary judgment is appropriate where there is no genuine issue of material fact and it appears that the moving party is entitled to judgment as a matter of law. *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991) (applying the summary judgment standard to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the record taken as a whole could not lead a trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## Discussion

**Dickens is Not Entitled to Relief on Her Ineffective Assistance of Counsel Claim.**

In the sole claim in her section 2255 motion, Dickens alleges that she unequivocally instructed her attorney to file a timely notice of appeal and he failed to do so. [DE-44] at 4. Dickens argues that her attorney's failure to file the notice of appeal was *per se* ineffective assistance of counsel. *Id.*

In the Government's Memorandum filed in support of its Motion to Dismiss, it attached an affidavit from Raymond C. Tarlton, Dickens' attorney. In his affidavit, Tarlton states that on October 18, 2012, he talked with Dickens by phone and she advised him that she did not wish to appeal. [DE-50-1] at 2. The Government also submitted emails between Tarlton and Dickens. In an email dated October 18, 2012, Dickens stated, "I don't want to be in breach of the plea agreement so I will not pursue an appeal of my sentence." *Id.* at 5.

In an order entered on August 12, 2014, the court held that a credibility issue existed and the Government had not conclusively shown that Dickens was not entitled to relief on her section 2255 motion. [DE-55] at 2. Because the Government has failed to show that it is entitled to summary judgment, the Government's Motion to Dismiss, which has been converted to a motion seeking summary judgment, is DENIED.

Dickens' sole claim was addressed at an evidentiary hearing held before the undersigned on November 13, 2014. Dickens was present at the evidentiary hearing and represented by appointed counsel Richard E. Rowe. The Government was represented by Assistant United States Attorney Shalika S. Kotiya.

    **1.    Applicable Law**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show

3

that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Therefore, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

It is well established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000). "[A]n attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir. 2007).

### 2. Evidentiary Hearing Testimony

#### a. Raymond C. Tarlton

Tarlton testified that he has been practicing as a Federal criminal attorney since the year 2010. Tarlton further testified that he began representing Dickens on September 20, 2011.

4

Tarlton stated he represented Dickens at her Rule 11 hearing and met with her several times prior to that hearing. Tarlton explained that during these meetings with Dickens, he advised her of the statutory penalties she faced and explained the appeal waiver contained in her plea agreement. Tarlton testified that to the best of his recollection during the Rule 11 hearing, the court went through Dickens' plea agreement, including the terms of the appeal waiver.

Tarlton stated that prior to Dickens' sentencing, he reviewed every version of her Presentence Report with her. Tarlton explained that Dickens' sentence was "capped" at ten years, and she received a sentence of 60 months' imprisonment. According to Tarlton, Dickens was advised of her right to appeal during her sentencing hearing.

Tarlton testified that following Dickens' sentencing hearing, he spoke with her in the Federal Public Defender's office. Tarlton further testified that he and Dickens talked about the possibility of an appeal because Dickens was not happy with her five-year sentence. Tarlton explained that he did not believe he was specifically instructed to file an appeal during this meeting. Tarlton reasoned that he does not believe he was instructed to file an appeal because his habits and practices would have been to have his office file the appeal and this was not done. Tarlton testified that it was his belief that Dickens expressed an interest in appealing, but that she gave no specific instruction to file an appeal. According to Tarlton, he planned to the continue the dialogue with Dickens regarding an appeal.

Tarlton testified that on October 15, 2012, Dickens wrote him inquiring as to whether his office had reviewed the transcripts to determine if there was a basis for appeal. Tarlton further testified that on that same day, he explained to Dickens that she signed a plea agreement waiving most of her rights to appeal. Tarlton stated that he explained to Dickens that if she appealed her

5

sentence there was a theoretical risk that she could be found to be in breach of her plea agreement. Tarlton explained his belief that the only appealable issues were related to the guidelines calculations, and these issues had been waived by her appellate waiver.

Tarlton testified that he talked with Dickens by phone on October 18, 2012. Tarlton stated that at that time he went over the risks of appealing. Tarlton explained that Dickens did not want to file an appeal because of the risk of there being a breach. Tarlton testified that the same day as the phone conversation, he received an email from Dickens in which she stated she did not wish to appeal.

Tarlton acknowledged that he received an email from Dickens dated October 31, 2012. In that email, Dickens did not request an appeal or inquire about the status of an appeal.

Tarlton stated that the time expired for Dickens to file a notice of appeal on October 18, 2012. According to Tarlton, at no time in the fourteen-day period did Dickens direct him to file an appeal. Further, Tarlton explained that if Dickens had directed him to file an appeal, he would have either filed an appeal or directed his secretary or paralegal to do so.

**b.    Donna Dickens**

At the evidentiary hearing, Dickens testified that she pled guilty to Medicaid fraud pursuant to a plea agreement. Dickens further testified that in her plea agreement she waived her right to appeal in all but a few specific circumstances.

Dickens stated that Tarlton reviewed her Presentence Report with her prior to her sentencing hearing, which was held on October 4, 2012. Dickens acknowledged that she received a sentence of sixty months' imprisonment, a sentence that was within her guidelines range.

Dickens acknowledged that during her sentencing hearing, the judge probably explained her right to appeal. Dickens specifically acknowledged that the judge also likely explained that she had a limited right to appeal based on the waiver in her plea agreement. Dickens admitted she was aware that she had fourteen days within which to file a notice of appeal.

According to Dickens, Tarlton spoke to her immediately following her sentencing hearing about what had taken place. Dickens testified that during this discussion she and Tarlton talked about the possibility of an appeal. Dickens stated that Tarlton explained the potential risks of filing an appeal. Dickens also stated that Tarlton reminded her she had an appeal waiver in her plea agreement and told her she had fourteen days within which to file a notice of appeal. Dickens testified that she told Tarlton that she wanted to appeal, and Tarlton said he would have his office to look at the transcripts and see if there was a basis for an appeal.

According to Dickens, Tarlton advised her that she would be in "breach of contract" if she appealed, and the Government could bring more charges. Dickens stated that she felt she was already in enough trouble and did not want to do anything to get in trouble further. Dickens testified that she told Tarlton that she didn't want to appeal to avoid breaching her agreement with the Government.

Dickens testified that although she could not provide exact dates, she and Tarlton exchanged emails and talked on the phone following her sentencing hearing. Dickens acknowledged that on October 10, 2012, she emailed Tarlton. Tarlton responded to her the same day. In his response, Tarlton said he wanted to talk to Dickens about the possibility of an appeal.

Dickens acknowledged that she again emailed Tarlton on October 15, 2012. In this email, Dickens asked Tarlton if he saw a reason to appeal. Tarlton responded on the same date

7

and explained the risks and benefits associated with appealing.

Dickens also acknowledged that she wrote to Tarlton again on October 18, 2012. Dickens admitted that in her email she stated she did not want to appeal because she did not want to risk breaching her plea agreement.

Finally, Dickens acknowledged that she emailed Tarlton on October 31, 2012. In that email, Dickens asked Tarlton about pushing back her date to report for service of her sentence. Dickens testified that she did not mention an appeal in this email.

### 3. Discussion

As the court pointed out to Dickens during her evidentiary hearing, she was advised of her right to appeal at her October 4, 2012 sentencing hearing. At that time, Dickens was advised she had fourteen days to file a notice of appeal and would need to notify her attorney in writing if she wished to appeal. Dickens was specifically advised as follows:

> Ms. Dickens, you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea.
> You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law.
> However, a defendant may waive those rights as part of a plea agreement and you have entered into a plea agreement which waives some or all of your rights to appeal the sentence itself.
> Such waivers are generally enforceable, but if you believe the waiver is unenforceable you can present that theory to the appellate court.
> With few exceptions, any notice of appeal must be filed within 14 days of the judgment being entered on the docket in your case.
> If you're unable to pay the costs of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the Clerk of Court will prepare and file a notice of appeal on your behalf.
> If you wish to appeal your conviction or sentence, you're advised to so notify your attorney in writing immediately upon your election to do so.

*See* October 4, 2012 Transcript [DE-63] at 28-29.

8

Case 5:11-cr-00258-F   Document 68   Filed 01/13/15   Page 8 of 10

Dickens' claim relies on whether she advised Tarlton that she wished to file a notice of appeal. The court concludes that Dickens' claim before this court is belied by the record. A review of the email correspondence between Tarlton and Dickens that was admitted into evidence during the November 13, 2014 evidentiary hearing reveals that Dickens never advised Tarlton in writing that she wished to appeal. Further, on October 18, 2012, the last day Dickens could have filed a notice of appeal, she advised Tarlton that she did not wish to pursue an appeal. *See* Hearing Exhibit 3 at 1. Dickens explained that she did not want to appeal because she did not want to be in breach of her plea agreement with the Government. *Id.*

The court's determination of Dickens' entitlement to relief under section 2255 depends on a credibility determination. The court having heard the testimony at the November 13, 2014 evidentiary hearing and having had the opportunity to observe the witnesses, finds as follows: Tarlton's account is credible and consistent with the record, and Dickens' account is not credible. In sum, the court concludes that Dickens has failed to establish an ineffective assistance of counsel claim against Tarlton for failure to file a notice of appeal after she unequivocally instructed him to do so. Consequently, Dickens is not entitled to relief on her section 2255 motion.

**Conclusion**

For the foregoing reasons, Dickens is not entitled to relief on her section 2255 motion [DE-44]. The Government's Motion to Dismiss [DE-49], which the court converted to one seeking summary judgment, is DENIED. The court concludes that Dickens has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 13th day of January, 2015.

                                       *James C. Fox*
                                       James C. Fox
                                       Senior United States District Judge